UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MANUEL RIVERA-GONZALEZ,**

    **Plaintiff,**

v.                                               Case No. 8:11-CV-0172-T-30EAJ

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Before the court are Defendant's **Motion to Dismiss or, in the Alternative, Motion for Summary Judgment** (Dkt. 13) and Plaintiff's **Response** (Dkt. 14).[1] For the reasons stated below, the undersigned recommends that the motion be granted.

**Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (citation omitted). To survive a motion to dismiss a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal of a complaint is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

---

[1] The motion has been referred to the undersigned for a Report and Recommendation (Dkt. 13). See 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

## Analysis

This is an action for judicial review of the Commissioner of Social Security's final decision regarding Plaintiff's request for disability benefits. Defendant argues that Plaintiff failed to initiate the action within the time period allowed under 42 U.S.C. § 405(g).

A suit seeking review of a final decision of the Commissioner of Social Security must be filed "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner ... may allow." 42 U.S.C. § 405(g). A plaintiff has sixty days from receipt of the notice to file a complaint, and receipt is presumed to be "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

On August 4, 2009, an Administrative Law Judge ("ALJ") denied Plaintiff's claim for Supplemental Security Income (Dkt. 1 at 1; Dkt. 1 Ex. 1 at 1). On November 16, 2010 the Appeals Council denied review of the ALJ's decision (Dkt. 1 Ex. 1 at 1). Plaintiff was notified that he had "60 days to file a civil action (ask for court review)" (Id. at 2).

Plaintiff has made no reasonable showing, in his complaint or otherwise, that he did not receive the notice within five days of November 16, 2010. Thus, the deadline for him to file a complaint was sixty-five days later, i.e., January 20, 2011.

On January 25, 2011, Plaintiff filed the instant suit. There is no question that the sixty-five-day filing period had elapsed by that time. The issue, then, is whether the untimeliness of Plaintiff's claim should be excused.

The filing period prescribed by § 405(g) is subject to equitable tolling in "extraordinary circumstances." Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). A plaintiff must justify equitable tolling by showing that circumstances such as fraud, misinformation, or deliberate

concealment prevented the timely filing of a complaint. Id. at 1355.

Relying on non-controlling authority, Plaintiff submits that equitable tolling is appropriate because he retained counsel in connection with this matter on January 11, 2011 (nine days before the filing deadline), counsel requested an extension of time on January 19, 2011 (one day before the filing deadline), and Defendant failed to respond to that request. In the Eleventh Circuit, however, "the sixty-day statutory limit expressed in 42 U.S.C.A. § 405(g) indicates that a Social Security claimant should not rely upon the possibility of an administrative extension of time, but rather must file suit timely to insure judicial review." Stone v. Heckler, 778 F.2d 645, 648 (11th Cir. 1985). The circumstances emphasized by Plaintiff do not constitute extraordinary circumstances warranting equitable tolling. See Waller v. Comm'r of Soc. Sec., 168 F. App'x 919, 920-21 (11th Cir. 2006) (per curiam) (unpublished). Consequently, his claim should be dismissed as untimely.

Upon consideration it is **RECOMMENDED** that:

(1)　Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Dkt.13) be **GRANTED**.

**Date: May 10, 2011**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from

3

attacking the factual findings on appeal.  <u>See</u> 28 U.S.C.  636(b)(1).


Copies to:
District Judge
Counsel of Record