UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANUEL RIVERA-GONZALEZ,

    Plaintiff,

v.                                        Case No: 8:11-CV-172-T-30EAJ

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

# ORDER

**THIS CAUSE** came on for consideration upon the Report and Recommendation submitted by Magistrate Judge Elizabeth A. Jenkins (Dkt. #15), Plaintiff's Objection (Dkt. #16), and Defendant's Response to Objection (Dkt. #17).

After careful consideration of the Report and Recommendation of the Magistrate Judge in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be rejected and Defendant's Motion should be denied.

The Court is aware, as the Magistrate Judge points out, that the filing period prescribed by § 405(g) is subject to equitable tolling in "extraordinary circumstances," such as fraud, misinformation, or deliberate concealment. However, the Court concludes that the particular facts of this case are sufficient to justify tolling the statute of limitations on behalf of Plaintiff.

Plaintiff's counsel sought an extension of the 60-day filing deadline prior to the expiration of same and it appears that the request for an extension is still pending. Plaintiff's Complaint was filed only five days late. And the Court is troubled by the language contained in the "Notice of Appeals Council Action" under "How to File a Civil Action" from Defendant that states:

> *If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.* You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Dkt. #1-1) (emphasis added). This Notice also states that, "[w]e will send you a letter telling you whether your request for more time has been granted." *Id.* This suggests that the Appeals Council will respond to the request and is silent on the issue of whether the appeal should be filed during the pendency of the request.

Defendant and the Magistrate Judge rely heavily on the language contained in *Stone v. Heckler* that "the sixty-day statutory limit expressed in 42 U.S.C.A. §405(g) indicates that a Social Security claimant should not rely upon the possibility of an administrative extension of time, but rather must file suit timely to insure judicial review." 778 F.2d 645, 648 (11th Cir. 1985); *see also Waller v. Comm'r of Soc. Sec.*, 168 F. App'x 919, 920-21 (11th Cir. 2006). The Court finds this language troubling because 42 U.S.C. §405(g) does not contain any language regarding the "possibility" of an administrative extension of time. In other words, the statutory language is completely silent on the issue of how the possibility of an extension of time impacts the 60-day filing deadline. And there is no guidance contained in

the regulations on this issue.

Additionally, 42 U.S.C.A. §405(g) states that the commencement of the civil action must be "within sixty days after the mailing to him of notice of such decision *or within such further time as the Commissioner of Social Security may allow*." 42 U.S.C.A. §405(g) (emphasis added). This contemplates that Defendant could provide Plaintiff additional time to file the complaint.

Defendant's failure to respond to Plaintiff's request for an extension, especially given the language set forth above that states "you may ask the Appeals Council to extend your time to file," which implies that the Appeals Council will consider the request and provide notice of its decision, suggests that Defendant provided Plaintiff with misleading information.

The Court notes that the facts contained in *Stone* are distinguishable from the present case. In *Stone*, on three occasions Stone sought permission to extend the statutorily imposed sixty-day limitations period and the Appeals Council extended the time period twice. 778 F.2d at 648. Stone filed his civil action approximately two months after the Appeals Council's second extension expired, and <u>subsequent</u> to the Appeals Council's denial of Stone's third motion to extend the time to file suit. *Id.*

Here, Plaintiff's counsel, who had been recently retained, requested an extension of time within the sixty-day limitations period and that request is presumably still pending

before the Appeals Council.[1] These facts are similar to the facts contained in *Aschettino v. Sullivan*. In *Aschettino*, the court held that equities lied in favor of tolling the statute of limitations because plaintiff's counsel requested additional time to file the civil action well within the sixty-day period and that request was never answered by the Appeals Council until approximately five months later, well beyond the sixty-day period. 724 F.Supp. 1116, 1117-18 (W.D. NY 1989). The court noted that the 60-day statute of limitations "cannot be read in isolation; it is contained in a statute that Congress designed to be 'unusually protective' of claimants." *Id.* at 1117 (*citing Heckler v. Day*, 467 U.S. 104, 106 (1984)).

Finally, the Eleventh Circuit seemed to imply in *Jackson v. Astrue*, a case more recent than *Stone* and *Waller*, that a timely-filed motion for an extension of time would weigh in favor of an equitable tolling argument. 506 F.3d 1349, 1357 (11th Cir. 2007) (noting that Jackson did not timely file her challenge, <u>or a motion for an extension</u>, in the appropriate court).

Accordingly, in light of the specific facts of this case, the Court concludes that Plaintiff's Complaint is subject to equitable tolling.[2]

**ACCORDINGLY**, it is therefore, **ORDERED AND ADJUDGED**:

---

[1] The declaration from Mr. Herbst, an Agency employee, stated he was "not aware of a request for an extension of time to file a civil action," (Dkt. #13-1) but the record reflects that Plaintiff's counsel requested an extension on January 19, 2011, one day prior to the filing deadline.

[2] Importantly, the Court is aware that the failure of the Appeals Council to respond to Plaintiff's request for an extension of time is not subject to judicial review. The Court cites to this fact as evidence of the misleading information provided to Plaintiff and expresses no opinion, as it cannot, on whether the extension should have been granted.

1.	The Report and Recommendation (Dkt. #15) of the Magistrate Judge is rejected.

2.	Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Dkt. #13) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on June 16, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

S:\Even\2011\11-cv-172.adopt 15.wpd