UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MANUEL RIVERA-GONZALEZ,**

    **Plaintiff,**

vs.                                          Case No.: 8:11-CV-172-T-30EAJ

**MICHAEL J. ASTRUE,**
**Commissioner of Social**
**Security Administration,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Supplemental Security Income ("SSI").

After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the undersigned affirms the Commissioner's decision and dismisses this case.[1]

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler,

---

[1] The District Judge referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rule 6.01(a), M.D. Fla.

703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I. Background

On March 31, 2005, Plaintiff filed an application for SSI, alleging disability beginning June 1, 2000. (T 87) Plaintiff's application was denied initially and upon reconsideration, and an administrative hearing was held on April 15, 2009. (T 76, 66, 366) Forty-three years old at the time of the hearing, Plaintiff has an eleventh-grade education and past relevant work experience as a carpenter and fast food cook. (T 341-42, 355)

On August 4, 2009, an ALJ denied Plaintiff's application. (T 8) Although Plaintiff's severe impairments included diabetes mellitus, high blood pressure, and occasional chest pain, these impairments did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. (T 13-14) Despite these impairments, Plaintiff was determined to have a residual functional capacity ("RFC") for a full range of light work with a frequent limitation for performing tasks requiring fine manual dexterity, and an occasional limitation for prolonged standing, climbing, and working at unprotected heights. (T 14) The ALJ found Plaintiff capable of performing routine,

2

repetitive tasks in an air conditioned environment. (Id.)

Although Plaintiff was unable to perform any past relevant work as a carpenter and fast food cook, the ALJ found Plaintiff capable of performing jobs available in significant numbers in the national economy, such as a sales attendant, fast food worker, and cashier. (T 18-19) Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period. (T 19-20) On November 16, 2010, the Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 1)

The medical and other evidence has been reviewed in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## II. Analysis

Plaintiff claims that ALJ erred in: (1) evaluating Plaintiff's subjective complaints of pain and other symptoms; (2) determining Plaintiff's RFC; and (3) finding that Plaintiff has the ability to perform other work in the national economy. (Dkt. 26 at 3) The Commissioner asserts that substantial evidence supports the ALJ's decision that Plaintiff is not disabled. (Dkt. 30 at 3)

As Plaintiff fails to develop these issues factually,[2] the Court finds no reason to consider the issues in great depth. As explained below, the ALJ's decision is supported by substantial evidence.

---

[2] For example, Plaintiff's development of issue one is limited to repeating the ALJ's decision as to Plaintiff's credibility, asserting the ALJ provided a boilerplate statement and failed to analyze Plaintiff's allegations of pain and symptoms, stating that no substantial evidence supports the ALJ's credibility determination, and fails to cite any pages from the record (Dkt. 26 at 3-5); issue two is limited to repeating the RFC, listing five symptoms reported by Plaintiff during the hearing, and citing only three pages of the record; (Id. at 5-6); and issue three is limited to repeating the ALJ's finding that Plaintiff can perform other jobs in the national economy, the VE's testimony as to the other jobs Plaintiff can perform, Plaintiff's counsel's hypothetical to the VE and the VE's response, and arguing that the ALJ erred in finding Plaintiff can perform other work in the national economy, without providing any other explanation. (Id. at 6-7)

### I. Plaintiff's Credibility

Plaintiff argues that the ALJ improperly assessed his subjective complaints of pain and other symptoms and substantial evidence does not support the ALJ's finding that Plaintiff's complaints are not fully credible. (Dkt. 26 at 3-5) However, the ALJ fully evaluated Plaintiff's testimony and properly found him not entirely credible. (T 13-18)

The Eleventh Circuit has established a three-part "pain standard" to use when a claimant attempts to establish disability through testimony of pain or other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam). A plaintiff must show: (1) objective medical evidence of an underlying medical condition; and either (2) the objective medical evidence substantiates the severity of the pain from the condition; or (3) the objectively determined medical condition is of sufficient severity that it would be reasonably expected to produce the pain alleged. Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986) (per curiam). Where an ALJ declines to credit a claimant's testimony regarding subjective complaints, the ALJ must "articulate explicit and adequate reasons for doing so." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam). A clearly articulated credibility finding that is substantially supported by the record will not be overturned. Id. at 1562 (citation omitted).

As discussed by the ALJ, Plaintiff testified at the hearing that he experiences numbness and swelling in his hands, legs, and feet, and his diabetes neuropathy results in memory difficulties, such as remembering appointments and medications, and loss of strength. (T 16, 344, 351-52) Plaintiff stated that his medication side effects cause drowsiness and fatigue and he can function only four to five hours during the day. (T 16, 348) Further, Plaintiff reported that he is unable to shop for

4

groceries, do yard work, or other activities outside the home, although he can vacuum, do the dishes, and attends church three days a week. (T 350-51) Plaintiff admitted to volunteering as a part-time pastor and preaching occasionally for about a half-hour. (T 17, 354)

After careful consideration of the evidence, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the RFC assessment. (T 17) The ALJ further explained:

> After review of the evidence of record as a whole, the undersigned is convinced that the claimant may have a severe impairment which would impose slight limitations on his ability to function at times. Accordingly, the undersigned finds claimant only partially credible in his description of his limitations. This is consistent with claimant's testimony that he is able to vacuum, wash dishes, drive a car, and attend church three days each week.

(T 18)

Although Plaintiff argues that the ALJ's credibility assessment uses boilerplate language, a review of the ALJ's decision shows that the ALJ properly found Plaintiff's complaints inconsistent with Plaintiff's own testimony and the medical record. The ALJ adequately explained his credibility findings. Additionally, the ALJ's three and a half page discussion of the medical evidence and Plaintiff's testimony provides ample analysis of Plaintiff's subjective complaints. (T 15-18) As discussed further below, substantial evidence supports the ALJ's credibility determination.

## II. RFC Assessment

Plaintiff asserts that the ALJ erred in determining Plaintiff's RFC by failing to include the limitations described by Plaintiff at the administrative hearing, including his mental disorder,

extremity numbness/tingling, memory difficulties, side-effects from medication including drowsiness, fatigue, and loss of strength.

After careful consideration of the entire record, the ALJ found that Plaintiff has the RFC to perform the full range of light work, with a frequent limitation for performing tasks requiring fine manual dexterity, an occasional limitation for prolonged sitting, climbing and working at unprotected heights, and that Plaintiff is capable of performing routine, repetitive tasks in an air conditioned environment. (T 14)

While Plaintiff testified to a severe mental disorder, extremity numbness/tingling, memory difficulties, and side-effects from medication including drowsiness, fatigue, and loss of strength, the ALJ properly concluded that the alleged severity of these impairments is not supported by Plaintiff's testimony and the medical evidence. (T 344, 348, 351)

The ALJ determined that Plaintiff failed to establish a severe mental impairment due to depression. (T 13-14) Arleen Martinez, M.D. ("Dr. Martinez") treated Plaintiff on March 15, 2007 and September 20, 2007 for complaints of depression and lack of sleep, diagnosed Plaintiff with major depressive disorder, and assessed Plaintiff with a GAF score of 50. (T 270-73)[3] As the ALJ noted, Plaintiff underwent limited treatment for depression with medication, and although Plaintiff was assessed a GAF score of 50, the score was assessed after just one examination and before treatment. (T 14-15, 271-74)

As for Plaintiff's other alleged limitations, the medical evidence demonstrates a history of

---

[3] A GAF score of 41-50 reflects "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV-TR") 34 (4th ed. text rev. 2000).

treatment for uncontrolled diabetes mellitus, hypertension, back pain, and postherpetic neuralgia. (T 144-53, 156-60) On August 9, 2005, Hampton Mansion, D.O. ("Dr. Mansion") examined Plaintiff. (T 141-143) Plaintiff reported he currently served as an "assistant pastor at his church" and his complaints included "diabetes, arthritis, hypertension, high blood pressure, [and] herpes." (Id.) After noting that Plaintiff's blood pressure reading was 110/80, Dr. Hampton observed that Plaintiff could sit and stand without difficulty, get on and off the examining table, and toe walk, but was unable to heel walk. (T 142-43) Although Plaintiff could "squat and recover to a limited extent and with difficulty," Plaintiff had a normal gait and stance, no muscular atrophy, weakness or spasm, no gross sensory or motor deficits, and a normal range of motion of the spine and extremities. (T 143) Dr. Hampton diagnosed Plaintiff with hypertension, diabetes mellitus, possible diabetic neuropathy, and generalized degenerative joint disease. (Id.)

On July 12, 2006, Plaintiff was hospitalized for two days at DeKalb Medical Center in Georgia for uncontrolled diabetes and hypertension, and admitted non-compliance with medication for several months. (T 176-82) On October 16, 2006, Plaintiff was seen in the emergency room at St. Joseph's Hospital in Tampa for complaints of chest pain, diplopia, and headache. (T 200-05) Plaintiff again admitted non-compliance with treatment for diabetes and hypertension. (T 201, 203) Brian Stiffler, M.D. ("Dr. Stiffler") completed a discharge summary dated October 24, 2006, noting that Plaintiff felt well and was anxious to return home. (T 201)

Plaintiff complained of diabetes mellitus, arthritis, hypertension, herpes, vision problems, and neuropathy to C. Nnadi, M.D. ("Dr. Nnadi") on December 9, 2006. (T 215-22) Upon examination, Plaintiff's visual acuity was 20/20 on the right and 20/40 on the left without glasses.

(T 217) No cervical or thoracic tenderness was present, and only mild tenderness was noted in the lumbar spine. (T 218) Plaintiff's straight leg raising tests were negative and gait was normal, and he had a five out of five grip strength in the upper extremities with normal dexterity. (T 218) Dr. Nnadi advised optimal care for Plaintiff's hypertension, diabetes, and arthritis, and that he may be limited in jobs requiring prolonged sitting, standing or walking. (T 219)

Mark Roberts, M.D. ("Dr. Roberts") treated Plaintiff on January 3, 2007 for diabetes noting that Plaintiff's blood pressure was 110/70 and prescribed medication. (T 232-36) On January 9, 2008, Dr. Roberts completed a physical capacity evaluation form indicating that Plaintiff could stand or walk for four hours, sit for two hours, and lift and carry twenty pounds occasionally and less than ten pounds frequently. (T 237-38) Dr. Roberts opined that Plaintiff could use his hands, but not his feet, for repetitive movements, and could occasionally bend, kneel, squat, crawl, and climb stairs or ladders. (T 238)

In July 2008, Plaintiff was treated at St. Joseph's Hospital due to complaints of chest pain, diabetes, and hypertension. (T 239-56) An ECG was abnormal, but a cardiac catheterization reported normal and post procedure Plaintiff's condition remained stable. (T 249-50, 320-28) Plaintiff was released on a diabetic diet. (T 320, 250) From July 2008 through March 2009, Plaintiff was treated at St. Joseph's for diabetes with frequent non-compliance with insulin. (T 298-308)

On March 12, 2009, Yuvraj Kumbkarni, M.D. ("Dr. Kumbkarni") treated Plaintiff for diabetes management, diagnosed Plaintiff with uncontrolled diabetes, and prescribed several medications, including insulin. (T 277-79) Dr. Kumbkarni noted that Plaintiff was a "part-time pastor and roofer." (T 277) On March 25, 2009, Dr. Kumbkarni observed that Plaintiff tried to skip

8

meals to improve blood sugar. (T 276) On April 8, 2009, Plaintiff stated that he was feeling better and he was out of syringes. (T 275, 287-88) Plaintiff reported having eye surgery two weeks prior to his April 8, 2009 visit. (T 275)

State agency physicians Abraham Oyewo ("Dr. Oyewo") on September 6, 2006, and Marshall Kessler, M.D. ("Dr. Kessler") on January 22, 2007, reviewed the medical evidence and concluded separately that Plaintiff could perform medium and light work. (T 192-99, 224-31) Dr. Oyewo and Dr. Kessler each indicated that Plaintiff could lift and carry fifty pounds occasionally and twenty-five pounds frequently, sit or stand and walk for six hours in an eight-hour workday, and push and pull without limitation. (T 193, 225) Both physicians noted that Plaintiff had no manipulative or environmental limitations. (T 195-96, 227-28) While Dr. Oyewo determined that Plaintiff had no postural limitations, Dr. Kessler opined that Plaintiff could balance, stoop, kneel, crouch, crawl, and climb ramps or stairs frequently, but could never climb ladders, ropes or scaffolds. (T 194, 225-26)

The record demonstrates Plaintiff's frequent non-compliance with diet and medication for diabetes. (T 177, 181, 201, 203, 232-33, 276, 309) Plaintiff was treated in the emergency room twice. (T 176-82, 200-05) Dr. Mansion's findings show that Plaintiff had no difficulty in sitting and standing, no muscular atrophy, weakness, or spasm, a normal range of motion of the spine, and no gross sensory or motor deficits. (T 142-43) Dr. Nnadi limited Plaintiff to no prolonged sitting, standing, or walking, and noted mild tenderness in the lumbar spine with negative straight leg raises, a normal gait, a five out of five grip strength, and normal dexterity. (T 218-19) Plaintiff reported working as a part-time pastor and roofer. (T 142, 277, 353-54)

Overall, the ALJ's RFC assessment that Plaintiff can perform a full range of light work is

9

supported by substantial evidence. Plaintiff's arguments are without merit. The ALJ's determination that Plaintiff is not entirely credible is also supported by substantial evidence. See Allen v. Sullivan, 880 F.2d 1200, 1202-03 (11th Cir. 1989) (per curiam). Accordingly, Plaintiff is not entitled to relief on these claims.

## III.    VE Testimony

Plaintiff contends that the ALJ erred in finding that Plaintiff has the ability to perform other work in significant numbers in the national economy based on the VE's testimony. Plaintiff cites the VE's testimony that if the ALJ credited Plaintiff's testimony that he is capable of working only four to five hours a day, Plaintiff could not perform any jobs available in the national economy. (T 357)

In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question to the VE which includes all of a claimant's impairments. Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) (citation omitted). However, the ALJ is only required to include the limitations the ALJ finds supported by the evidence in the hypothetical question to the VE. See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam). An ALJ may properly omit limitations that either are not supported by the medical evidence or are relieved by medication. See Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1270 (11th Cir. 2007).

The VE testified that a hypothetical claimant encompassing all of Plaintiff's impairments could perform unskilled light work as a sales attendant, fast food worker, and cashier. (T 356-57). The VE also testified that if the ALJ credited Plaintiff's testimony that he is capable of working only four to five hours a day, Plaintiff could not perform any jobs available in the national economy. (T

357) Based on the VE's testimony, the ALJ determined that there were a significant number of jobs in the national economy that Plaintiff could perform. (T 18-19)

The ALJ correctly determined that Plaintiff's testimony that he is capable of working only four to five hours a day is not supported by the medical evidence. As such, the ALJ was not required to include this limitation in the hypothetical to the VE. The ALJ properly relied on the VE testimony in determining that Plaintiff was not disabled. The ALJ's decision is supported by substantial evidence.

## Conclusion

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner should therefore be affirmed.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) The decision of the Commissioner be **AFFIRMED** and the case **DISMISSED**, with each party to bear its own costs and expenses; and

(2) The Clerk of Court enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**Date: June 28, 2012**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).


Copies to:
Counsel of Record
District Judge